IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| ROBERTO VILLAMIL-SORDO<br>Plaintiff,<br><br>v.<br><br>VARADERO @ PALMAS, INC., ET AL.<br><br>Defendants. | CIV. NO.: 18-1425 (SCC) |

**OPINION AND ORDER**

Pending before the Court is a Motion for the Entry of Order Dismissing the Mooted Cross-Claim ("Motion for Entry of Order"), filed by Co-Defendants Varadero @ Palmas, Inc. ("Co-Defendant Varadero"), Aspen American Insurance Company ("Co-Defendant Aspen"). *See* Docket No. 105. Co-Defendants Luca Borri ("Co-Defendant Mr. Borri"), UnipolSai Assicurazioni, S.p.A. ("Co-Defendant UnipolSai Assicurazioni"), and Fra Dolcino, Ltd ("Co-Defendant Fra Dolcino, Ltd") (collectively, the "Fra Dolcino Parties") filed a response to the same, *see* Docket No. 109 ("Response")[1] which

---

[1] In their Response, the Fra Dolcino Parties petitioned the Court to allow them to oppose the Motion for Entry of Order. *See* Docket No. 109 at pg. 3 (requesting that the Court "grant [the Fra Dolcino Parties] the opportunity to respond to the [Motion for Entry of Order.]"). Per the Minute Entry memorializing the Status Conference held on October 2, 2020, the Court granted the Fra Dolcino Parties 15 days to file their proposed opposition.

| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 2 |
|---|---|

in turn was opposed by Co-Defendants Varadero and Aspen, *see* Docket No. 110 ("Co-Defendants' Opposition") and Plaintiff Roberto Villamil-Sordo ("Plaintiff Villamil-Sordo"), *see* Docket No. 111 ("Plaintiff Villamil-Sordo's Opposition").

After carefully examining both the record and the Parties' arguments regarding this matter, the Court GRANTS Co-Defendants Varadero and Aspen's Motion for Entry of Order at Docket Number 105.[2]

## I. Travel of the Case

Plaintiff Villamil-Sordo filed the instant admiralty suit against Co-Defendants Varadero, Aspen and the Fra Dolcino

---

*See* Docket No. 121. On October 19, 2020, the Fra Dolcino Parties filed their alleged opposition to the Motion for Entry of Order, which they tiled "Reiterated Response to Docket No. 105". *See* Docket No. 122. As the title of the motion suggests and as clarified by the Fra Dolcino Parties therein, the sole purpose of the same, was to reiterate the arguments contained in the Response at Docket Number 109, for they had nothing further to add. *Id.* The Court takes note of the aforesaid and, for the sake of clarity, will therefore solely refer to the Response at Docket Number 109 when discussing the Fra Dolcino Parties' arguments regarding the Motion for Entry of Order throughout this Opinion and Order.

[2] In view of this determination, the Court made additional rulings pertaining to pending matters which were raised by the Fra Dolcino Parties in their Response to the Motion for Entry as discussed below. *See infra* at Section C.

Parties for alleged damages to his Spencer brand vessel called EZ Trade. *See* Docket No. 80.[3] According to Plaintiff Villamil-Sordo's recitation of the facts, in light of what promised to be a particularly active hurricane season, he entered into a contract with Co-Defendant Varadero[4] to ensure that the EZ Trade was moved to dry-land and secured if a hurricane were to set course for Puerto Rico. *Id.* at ¶ 12.

Plaintiff Villamil-Sordo alleges that, on or around September 18, 2017, he visited the "dry dock" area to get a first-hand look at the work that was being done to secure the EZ Trade in preparation for Hurricane María, a category 4 hurricane, which made landfall in Puerto Rico on September 20, 2017. *Id.* at ¶¶ 18-19. While there, Plaintiff Villamil-Sordo maintains he noticed that, the Fra Dolcino, a 16 meters long sailboat, allegedly owned by Co-Defendants Fra Dolcino, Ltd and Mr. Borri, had been moved by Co-Defendant Varadero—

---

[3] Plaintiff Villamil-Sordo first filed suit in the Puerto Rico Court of First Instance. *See* Docket No. 1. The case was subsequently removed to federal court. *Id.*

[4] Co-Defendant Aspen is identified as the insurance company that issued a policy in favor of Co-Defendant Varadero which would cover its negligent actions or omissions. *See* Docket No. 80 at ¶ 3.

with its mast and sails still installed and without having been adequately secured by Co-Defendant Varadero or Co-Defendants Fra Dolcino, Ltd and Mr. Borri—parallel to the EZ Trade. *Id.* at ¶¶ 4,5, and 20. Plaintiff Villamil-Sordo states that he petitioned Co-Defendant Varadero to relocate the Fra Dolcino. *Id.* at ¶ 21. Co-Defendant Varadero allegedly refused to do so. *Id.* Further, according to Plaintiff Villamil-Sordo, neither Co-Defendant Mr. Borri nor an authorized representative of Co-Defendant Fra Dolcino Ltd ordered the Fra Dolcino's mast and sails to be removed. *Id.* at ¶ 22. It is also alleged that Co-Defendant Varadero—who was purportedly supposed to determine where to place the Fra Dolcino—and the Fra Dolcino Parties ultimately failed to secure the Fra Dolcino. *Id.* at ¶¶ 22-23.

Plaintiff Villamil-Sordo maintains that these acts and omissions on behalf of Co-Defendants Varadero, Aspen and the Fra Dolcino Parties caused the Fra Dolcino to topple over the EZ Trade and damage its tower and equipment. *Id.* at ¶¶ 25-29. As such, Plaintiff Villamil-Sordo reasons that the damages suffered by the EZ Trade after the Fra Dolcino fell over it, were not an "Act of God" but rather a direct

| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 5 |
|---|---|

consequence of the purported negligent acts carried out by the Co-Defendants leading up to Hurricane Maria's arrival to Puerto Rico. *Id.* at ¶¶ 18-29. Plaintiff Villamil-Sordo's Second Amended Complaint includes three causes of action, namely; (1) a hybrid breach of contract claim and claim in admiralty for negligence against all of the Co-Defendants; (2) damages claim under Puerto Rico law which identifies Co-Defendants Varadero and Aspen along with the Fra Dolcino Parties as joint tortfeasors; (3) and a so-called direct action against Co-Defendant Aspen and Co-Defendant UnipolSai Assicurazioni. *Id.* at ¶¶ 30-43.

On September 4, 2019, the Fra Dolcino Parties filed a Crossclaim against Co-Defendants Varadero and Aspen, essentially denying any wrongdoing in connection with the purported damages that Plaintiff Villamil-Sordo alleges in the Second Amended Complaint. *See* Docket No. 64.

In their Crossclaim, the Fra Dolcino Parties set forth three claims for relief. Under their First Claim for Relief, they argue that they are entitled to complete indemnity from Co-Defendants Varadero and Aspen "for any loss they may sustain, including costs and attorney's fees, and the amount

| | |
|---|---|
| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 6 |

of any judgment which may be rendered against them." *Id.* at ¶ 9. The Court notes that First Claim for Relief suffers from the same flaw that the additional two claims for relief suffer from, to wit, that they are underdeveloped. Nevertheless, what can be understood in view of the facts presented to the Court is that, the Fra Dolcino Parties seek complete indemnity from Co-Defendants Varadero and Aspen, for the legal theory that they attempt to articulate rests on their understanding that, by virtue of a Land Storage Agreement[5] that they entered into with Co-Defendant Varadero, it was Co-Defendant Varadero's duty to secure the Fra Dolcino, and not the Fra Dolcino Parties' duty to do so. *Id.* at ¶ 8.

In turn, the Court reads the Second Claim for Relief as a contributory negligence claim, whereby the Fra Dolcino Parties aver that they "would be entitled to indemnity or

---

[5] The Fra Dolcino Parties posit that on July 7, 2017, Co-Defendant Varadero and Co-Defendant Fra Dolcino Ltd., entered into a Land Storage Agreement. *See* Docket No. 64 at ¶ 3. The aforesaid agreement conveyed to Co-Defendant Fra Dolcino, Ltd., a license to use Co-Defendant Varadero's facilities. *Id.* Further, in accordance with the Land Storage Agreement, Co-Defendants Luca Borri and Fra Dolcino Ltd contend that they were cornered into hiring the services of an authorized independent contractor to secure the Fra Dolcino prior to Hurricane Maria's landfall over Puerto Rico. *Id.* at ¶ 8.

contribution from [Co-Defendants Varadero and Asepen[,]" including attorney's fees, if the court rejects their "Act of God" defense. *Id.* at ¶ 12. Lastly, the Third Claim for Relief appears to be yet another contributory negligence claim. *Id.* at ¶ 14. Under the Third Claim for Relief, the Fra Dolcino Parties rely upon the alleged existence of a genuine controversy regarding the rights and duties owed to them by Co-Defendants Varadero and Aspen. *Id.* at ¶ 14. Therefore, the Fra Dolcino Parties understand that Co-Defendants Varadero and Aspen should indemnify them "for the full amount, or some proportionate share, of any loss or judgment that they may pay and for all expenses which may be incurred in the defense of the Amended Complaint initiated against them." *Id.*

On August 17, 2020, almost a year after the filing of the Crossclaim, Co-Defendant Aspen filed a motion whereby it informed the Court that a Confidential Settlement had been reached. *See* Docket No. 102. The settlement was entered into between Co-Defendants Varadero and Aspen and Plaintiff Villamil-Sordo. *Id.* Shortly thereafter, the Confidential Settlement was filed, for the Court's eyes only. *See* Docket No.

108. In tandem with the filing of the aforesaid, Co-Defendants Varadero and Aspen filed the Motion for Entry of Order currently pending before the Court. *See* Docket No. 105.

## II. Analysis

### A. The Parties' Arguments

Co-Defendant Varadero and Aspen's Motion for Entry of Order stands for the proposition that the Confidential Settlement entailed a complete release of any potential liability on their part, therefore rendering the Crossclaim as moot. *See* Docket No. 105. In support of their argument, Co-Defendants Varadero and Aspen point to certain portions of the Confidential Settlement to highlight the implications of the release. *Id.* at pgs. 4-5. Specifically, they underscore, that:

> [i]n consideration of the payment of the *Settlement Amount* . . . [Plaintiff Villamil-Sordo] individual, collectively, and in all other capacities . . . forever discharge[s] [Co-Defendants Varadero and Aspen] . . . from any and all rights, claims, demands, damages, debts indemnification, **contribution**, causes of action, or suits at law or in equity, of whatever kind or nature, that they ever had, now have, or may have in the future arising from or relating to the Claim or Action, or any of the other allegations, facts, circumstances, or injuries in the action or

| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 9 |

>   which may have been claimed in the Action.

*Id.* at pg. 4 (emphasis added).

Furthermore, pursuant to the Confidential Settlement while Plaintiff Villamil-Sordo will continue to litigate his claim against the Fra Dolcino Parties, they will "remain solely responsible for the damages that their own negligence and/or fault caused Claimant." *See* Docket No. 105 at pg. 5. More fundamentally, the Confidential Settlement states that the Fra Dolcino Parties "will not be liable to [Plaintiff Villamil-Sordo] for any damages attributable to [Co-Defendants Varadero and Aspen]." *Id.*

In their Response, the Fra Dolcino Parties fired back by asserting that Co-Defendants Varadero and Aspen failed to provide them with a copy of the Confidential Settlement. *See* Docket No. 109. Without a copy of the same, the Fra Dolcino Parties sustain that Co-Defendants Varadero and Aspen are precluded from backing up their assertion that Confidential Settlement renders the Crossclaim as moot, for the Fra Dolcino Parties would only be liable for their own tortious acts or omissions. *Id.* The Fra Dolcino Parties also raised a series of procedural arguments pertaining to the status of

| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 10 |
|---|---|

certain discovery motions that had been filed prior to the Confidential Settlement. *Id.* at pgs. 2-3. Additionally, they asked the Court to order Plaintiff Villamil-Sordo and Co-Defendants Varadero and Aspen to produce the Confidential Settlement and to grant the relief sought in—what was at the time of the filing of their Response—their "unopposed" motion for summary judgment ("Fra Dolcino Parties' Motion for Summary Judgment") at Docket Number 86. *Id.* at pg. 3.

The Co-Defendants' Opposition rehashed the arguments set forth in the Motion for Entry of Order and addressed the arguments regarding the then pending discovery motions. *See* Docket No. 110. Co-Defendants Varadero and Aspen also specified that, they need not provide the Fra Dolcino Parties with a copy of the Confidential Settlement, for they had not articulated a legal argument explaining why they should be provided with a copy of the same, particularly when the relevant portions were included in the Motion for Entry of Order. *Id.* at pg. 2. In any case, Co-Defendants Varadero and Aspen state that a copy was submitted to the Court. *Id.* For its part, Plaintiff Villamil-Sordo's Opposition focused on the arguments pertaining to the discovery motions and the Fra

| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 11 |
|---|---|

Dolcino Parties' Motion for Summary Judgment. *See* Docket No. 111. He did not elaborate upon the argument related to the implications of the Confidential Settlement as to the Crossclaim. *Id.* at pg. 3.

### B. The Crux of the Matter

Federal Rule of Civil Procedure 13(g) ("Rule 13(g)") allows a party to assert a crossclaim against another party "if the claim arises out of the transaction or occurrence that is the subject matter of the original action[.] Fed. R. Civ. P. 13(g). This rule further states that, "[t]he crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." *Id.* The Fra Dolcino Parties' Crossclaim is the type of crossclaim that Rule 13(g) contemplates. However, after examining the totality of the Confidential Settlement, the Court can confirm that, the same entailed a complete release as to Co-Defendants Varadero and Aspen's liability in the suit filed by Plaintiff Villamil-Sordo, which in turn renders moot the Fra Dolcino Parties' Crossclaim. Let us explain.

Pursuant to Puerto Rican extracontractual law, solidary liability entails that any joint tortfeasor may "pay the totality

| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 12 |
|---|---|

of the damages owed to the plaintiff." *See White v. Sunnova Energy Corp.*, No. 18-cv-1068 (ADC), 2019 WL 1271471, at *3 (D.P.R. Mar. 15, 2019) (citing to *Quilez-Velar v. Ox Bodies, Inc.*, 198 D.P.R. 1079, 1084 (P.R. Aug. 31, 2017) (official translation). The aforesaid principle defines the external relationship created between the creditor—in this case, Plaintiff Villamil-Sordo—and the joint tortfeasors, as one that allows for the creditor to pick any of the joint tortfeasors, or all of them, simultaneously, in order to recover his credit. *Id.* But when a joint tortfeasor ends up paying more than the amount he or she owed, he or she may invoke the right of contribution in order to recover the excess paid from the other joint tortfeasors. *Szendrey v. Hospicare, Inc.*, 158 D.P.R. 648, 654 (P.R. Feb. 14, 2003) (official translation). The reason being that, while "joint tortfeasors are solidarily liable to the injured party . . . the onerous effect between the joint tortfeasors should be distributed in proportion to their respective degree of negligence." *Id.* This principle, in turn, defines the internal relationship between the joint tortfeasors.

In the context of a settlement, such as the Confidential Settlement, whereby Plaintiff Villamil-Sordo released Co-

Defendants Varadero and Aspen from all liability, this "is considered both a release of liability from the plaintiff to the settling joint tortfeasor and a release of liability as between joint tortfeasors, with the plaintiff absorbing the portion of liability attributed to the settling tortfeasor[,]" the non-settling tortfeasors are then only "liable for their percentage of liability after subtracting the amount of the released tortfeasor's portion of liability, not for the total amount of the damages." *See Bernardi Ortiz v. Cybex Int'l, Inc.*, 345 F. Supp. 3d. 107, 123 (D.P.R. 2018) (internal citations omitted). And because pursuant to the Confidential Settlement the Fra Dolcino Parties will only be liable for their percentage of liability[6], and nothing more, they are precluded from moving for contribution against Co-Defendants Varadero and Aspen.

---

[6] As quoted, in this Opinion and Order, the Confidential Settlement states that, "[i]t is specifically agreed and understood that [the Fra Dolcino Parties] will not be liable to [Plaintiff Villamil-Sordo] for any damages attributable to [Co-Defendants Varadero and Aspen]." *See* Docket No. 105 at pg. 5. In this vein, the Court notes that it has purposefully cited to the Motion for Entry of Order at Docket Number 105 instead of the Confidential Settlement itself in view of the fact that the same was filed for the Court's eyes only. As noted in this Opinion and Order, the Court has corroborated that the portions of the Confidential Settlement that were cited and quoted in the Motion for Entry of Order are identical to those in Confidential Settlement filed at Docket Number 108.

| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 14 |
|---|---|

Accordingly, the Second and Third Claims for Relief—pertaining to the alleged contributory negligence between the Fra Dolcino Parties and Co-Defendants Varadero and Aspen—are in fact moot, for in view of the Confidential Settlement, the Fra Dolcino Parties would only be liable for their specific percentage of liability, if any, and the right to contribution is no longer an option on the table as to Co-Defendants Varadero and Aspen.

As for the First Claim for Relief, the same is also moot in view of the Confidential Settlement. As referenced, *supra*, the Confidential Settlement states that, "[the Fra Dolcino Parties] will remain solely responsible for the damages that their own negligence and/or fault caused [Plaintiff Villamil-Sordo]." *See* Docket No. 105 at pg. 5. [7] This portion of the Confidential Settlement eliminates the possibility that a judgment be rendered against the Fra Dolcino Parties for actions or omissions other than their own. Bearing this discussion in mind, the Court deems the Crossclaim at Docket Number 64 as MOOT and GRANTS the Motion for Entry of Order at

---

[7] As specified at *supra* note 6, the Court has cited directly to the Motion for Entry of Order, instead of citing directly to the Confidential Settlement.

| | |
|---|---|
| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 15 |

Docket Number 105.

### C. Housekeeping Matters

Before concluding, the Court will touch on the additional matters raised by the Fra Dolcino Parties in their Response. For starters, as far as the discovery related motions—which the Fra Dolcino Parties argue became moot in view of the Confidential Settlement—are concerned, the record reflects that the same have already been addressed by this Court.[8] Regarding the Fra Dolcino Parties' argument that they should be made privy to the contents of the Confidential Settlement, at this time, the Court is satisfied with the fact that the same

---

[8] In their Response, the Fra Dolcino Parties argued that the following motions were moot in view of the Confidential Settlement: (1) Co-Defendant Varadero's Motion to Compel at Docket Number 97; (2) Co-Defendant Varadero's Motion to Summarily Grant Unopposed Motion to Compel at Docket Number 98; (3) Co-Defendant Varadero's Response to Motion to Summarily Grant Unopposed Motion to Compel at Docket Number 100; and (4) Co-Defendant Varadero's Motion for Leave to File Reply Brief in Further Support of its Motion to Summarily Grant its Unopposed Motion to compel at Docket Number 101. *See* Docket No. 109 at pgs. 2-3. In order to leave no room for doubt, the Court clarifies, that via Line Order at Docket Number 123, all of the aforementioned motions were denied with the exception of the Response at Docket Number 100, for there was no need for the Court to do deny a mere response. In that same Line Order, the Court also denied Plaintiff Villamil-Sordo's and Co-Defendants Varadero and Aspen's Joint Motion for Relief Under Federal Rule of Civil Procedure 56(D) at Docket Number 88. *See* Docket No. 123.

| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 16 |
|---|---|

was submitted for the Court's eyes at Docket Number 108. With this submission, the Court was able to corroborate that the portions of the Confidential Settlement that were quoted in the Motion for Entry of Order are a carbon copy of the sections contained in the Confidential Settlement.

Lastly, while the Fra Dolcino Parties remained steadfast in their assertion that their Motion for Summary Judgment at Docket Number 86 should be granted as unopposed, via Line Order, the Court instructed Plaintiff Villamil-Sordo to respond to the same. *See* Docket No. 123. Plaintiff Villamil-Sordo complied with this Court's directive. *See* Docket No. 125. And the Fra Dolcino Parties filed a Reply. *See* Docket No. 133. Several motions to strike tied to the Fra Dolcino Parties' Motion for Summary Judgment have also been filed. *See* Docket Nos. 124, 134 and 135.

The Court notes that, the Fra Dolcino Parties' Motion for Summary Judgment was filed prior to the execution of the Confidential Settlement. Meanwhile, their Reply was filed after the execution of the same. After reviewing the Fra Dolcino Parties' Motion for Summary Judgment and the briefs filed in connection with the same, the Court

| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 17 |
|---|---|

understands that today's determination regarding the now "moot" Crossclaim directly impacts the arguments that were raised therein, specifically as they pertained to the Fra Dolcino Parties' allegations regarding Co-Defendants Varadero and Aspen. Accordingly, the Court DENIES WITHOUT PREJUDICE the Fra Dolcino Parties' Motion for Summary Judgment at Docket Number 86 and deems as MOOT the motions to strike and for leave in connection with the same at Docket Numbers 124, 135 and 136.

### III.   Conclusion

In light of the above, the Court hereby:

- Deems the Fra Dolcino Parties' Crossclaim at Docket Number 64 as **MOOT**;
- **GRANTS** Co-Defendants Varadero and Aspen's Motion for Entry of Order at Docket Number 105;
- **DENIES WITHOUT PREJUDICE** the Fra Dolcino Parties' Motion for Summary Judgment at Docket Number 86; and

| | |
|---|---|
| VILLAMIL-SORDO v. VARADERO @ PALMAS, INC, ET AL. | Page 18 |

- Deems the pending motions to strike and for leave at Docket Numbers 124, 135 and 136 as **MOOT.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of March, 2021.

        *S*/SILVIA CARRENO-COLL
        UNITED STATES DISTRICT COURT JUDGE